UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** | ) ) ) | CASE NO.1:21CV1940 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | |
| **PERK COMPANY, INC., ET AL.,** | ) ) | OPINION AND ORDER |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Travelers Casualty and Surety Company of America's Motion to Partially Dismiss Defendant McTech Corp., Tech Ready Mix, Inc. and Mark Perkins' First Amended Counterclaim. (ECF # 44). For the following reasons, the Court grants Plaintiff's Motion.

**Background Factual Allegations**

On October 13, 2021, Plaintiff Travelers Casualty and Surety Company of America ("Travelers") filed its Complaint in this Court based on diversity jurisdiction. Travelers alleges claims for Breach of a General Agreement of Indemnity (GAI"), Indemnification and Declaratory Judgment against Defendants Perk Company, Inc., McTech Corporation, Brigadier Construction Services, LLC., TMG Services, Inc., Anthony Cifani, Joseph Cifani, Lisa Cifani, Mark Perkins, Shawnte' Thompson, Nicole Perkins and Linda Frazier. According to the Complaint, Plaintiff and Defendants entered into a series of GAIs and Riders wherein

Defendants agreed to indemnify Travelers for losses it incurred as surety, for bonds it executed on behalf of McTech, Brigadier and TMG as principals, including performance and payment bonds for various projects.  Under the terms of the bonds, Travelers was "obligated to cure contract defaults of McTech, Brigadier and TMG incurred on the Projects and to fund their obligations to pay for labor, materials and equipment.  Following execution of the bonds, Travelers received notice of claims and demands for payment from various project owners, contractors, subcontractors, and/or suppliers who performed work or supplied materials on the Projects." (Complaint ¶'s 21-23.). Travelers made payments on the bonds in excess of $24,063,209.23 and now seeks indemnification from Defendants in that amount.

Travelers subsequently dismissed Defendants TMG Services, Inc., Nicole Perkins and Linda Frazier.  On June 13, 2023, Plaintiff filed its First Amended Complaint including claims against Tech Ready Mix, Inc.  According to the First Amended Complaint "Tech Ready Mix is included as a McTech Indemnitor by virtue of its execution of a "General Agreement of Indemnity Additional Indemnitor Rider" on November 9, 2011.  Tech Ready Mix is liable for the losses suffered by Travelers under the McTech bonds [and is included as a "McTech Indemnitor"] because (i) Tech Ready Mix and McTech are "Indemnitors" under the Perk GAI as a result of the Riders signed by Tech Ready Mix and McTech; (ii) McTech bonds are "Bond[s]" under the Perk GAI; and (iii) the losses caused on the McTech bonds are included under the definition of "Loss" under the Perk GAI."

On October 24, 2024, Defendants McTech Corp., Tech Ready Mix, Inc.  and Mark Perkins filed their First Amended Counterclaim alleging claims for Declaratory Judgment on behalf of McTech Corp., Tech Ready Mix and Perkins, Bad Faith on behalf of McTech, Tech

2

Ready Mix and Perkins, Bad Faith on behalf of Tech Ready Mix for UCC Financing Statement, Violation of Ohio Revised Code Section 1309 on behalf of Tech Ready Mix and Defamation on behalf of Tech Ready Mix.

Plaintiff moves to dismiss Count Four of Defendants' Counterclaim alleging violation of Ohio Revised Code Section 1309. According to Plaintiff, Defendants' Counterclaim fails to allege sufficient facts to support its claim. The entirety of Count IV of Defendants' Counterclaim reads:

> 44. TRM incorporates the above allegations by reference as if fully restated here.
> 45. Plaintiff's actions relating to the Perk UCC and TRM have violated Ohio Revised Code Chapter 1309 (Uniform Commercial Code, secured transactions).
> 46. Plaintiff's violations have caused damage to TRM in an amount to be determined at trial.

Defendants' Counterclaim fails to identify with any specificity what section of 1309 was violated by Plaintiff nor does it explain how Plaintiff's actions violated the statute. Plaintiff further contends Defendants' Counterclaim fails to assert sufficient facts to support its claim under Count IV.

According to Defendant Tech Ready Mix, the law does not require it to identify the specific subchapter of the statute at issue. Defendant is only required to assert sufficient facts that render its claim plausible on its face and it argues that the facts asserted in the Counterclaim sufficiently state a claim for violation of O.R.C. § 1309. For example, Defendant alleges that it became an indemnitor only on the General Agreement of Indemnity executed by non-parties Perk Company, Inc. and others and Plaintiff has not asserted any defaults or losses regarding the bonds covered by the Perk GAI. Defendant is not an indemnitor on any other GAIs or bonds and it did not guarantee any obligations relating to Defendant McTech or non-parties Brigadier

3

Construction Services or TMG Services.

Defendant's Counterclaim further alleges Plaintiff filed a UCC Financing Statement with the Ohio Secretary of State's Office that added Defendant as an additional debtor in March of 2023. After settling with Perk, Plaintiff deleted Perk as a debtor on an amended UCC Statement. However, in releasing the Perk parties, Plaintiff released all claims against Defendant because Defendant's only obligations to Plaintiff were through the Perk GAI. Thus, Plaintiff's improper maintenance of the Perk UCC financing statement that continues to name Defendant as a debtor and refusing to subordinate its claimed lien has harmed Defendant by preventing it from obtaining commercially favorable financing.

As a result, Defendant Tech Ready Mix argues these facts support plausible claims for violations of O.R.C. § 1309. Defendant says that by example under O.R.C. 1309, for non-agricultural liens, a person may only file a financing statement when the debtor authorizes the filing in a written record. O.R.C. § 1309.509(A)(1). Therefore, Plaintiff is improperly maintaining the UCC financing statement against Defendant in the absence of any authorization by Defendant.

Plaintiff responds that Defendant's now pointing to a specific subchaper of § 1309 and citing to additional facts not found in its First Amended Counterclaim is an improper attempt to amend its Counterclaim in an opposition brief.

## LAW AND ANALYSIS

### Fed.R.Civ.P. 12(b)(6) Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in

favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal* 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

A review of the Defendant's First Amended Counterclaim reveals that Tech Ready Mix's claim at Count IV is insufficiently pled under the *Twombly*/*Iqbal* plausibility standard. Even though the claim at paragraph 44 incorporates by reference the allegations contained in the previous paragraphs of the Complaint, Defendant fails to plead how Plaintiff's conduct breached any statutory duty and if so, what subchapter of § 1309 it violated. O.R.C. § 1309 is a broad and

5

comprehensive adoption of the Uniform Commercial Code with numerous subchapters running from §1309.101-709.  Certain sections of 1309 contain heightened pleading requirements.  For instance,  O.R.C § 1309.108 (UCC § 9-108) "mandates that commercial tort claims be described with greater specificity than most other claims." *Epicentre Strategic Corp.-Michigan v. Perrysburg Exempted Vill. Sch. Dist.,* No. 3:04CV7467, 2005 WL 4109509, at *2 (N.D. Ohio Dec. 14, 2005).  In the absence of any allegation in the First Amended Counterclaim as to what conduct by Plaintiff violated what portion of O.R.C. § 1309, Defendant has failed to provide a sufficient basis upon which Plaintiff could discern the claim and provide a defense.

Moreover, Defendant Tech Ready Mix cannot correct its pleading errors in an opposition brief.  "A court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 483 (6th Cir. 2020).  In *Bates,* the Sixth Circuit expressly rejected any attempts to correct pleading errors in a submission outside of a pleading.  "If plaintiffs believe that they need to supplement their complaint with additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), they have a readily available tool: a motion to amend the complaint under Rule 15. See Fed. R. Civ. P. 15(a).  Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.*"  Id.*

The Court finds that Defendant's bare bones claim at Count IV fails to provide a sufficient basis upon which Plaintiff can respond and fails to meet the pleading standard set forth by the United States Supreme Court in *Twombly* and *Iqbal.*  Therefore, the Court grants Plaintiff's Motion and dismisses Count IV of Defendants' First Amended Counterclaim.

IT IS SO ORDERED.

        /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge